McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 202-307-6648

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID L. SUECHTING, JR.;<br>DEBORAH L. LANDGREBE;<br>JACQUELINE SUECHTING;<br>BARBARA J. SUECHTING as an<br>individual and as TRUSTEE OF THE<br>BARBARA J. SUECHTING FAMILY<br>TRUST;  CHEVY CHASE BANK;<br>LLOYD A. WAGNER; McDONOUGH,<br>HOLLAND & ALLEN; SACRAMENTO<br>COUNTY DEPARTMENT OF<br>CHILD SUPPORT SERVICES;<br><br>    Defendants. | Civil No. 05-CV-00160 GEB DAD<br><br>**STIPULATION AND REQUEST FOR ENTRY OF ORDER OF JUDICIAL SALE and ORDER OF JUDICIAL SALE** |

It is hereby stipulated and agreed by all parties that an order may be entered as follows:

**ORDER OF JUDICIAL SALE**

A final Judgment in a Civil Case was entered by this Court in the above-entitled action on   September 29  , 2005. In order to enforce collection of the Judgment the Court now orders judicial sale as follows:

This action was commenced to enforce federal tax liens against real property commonly referred to as a 40 acre ranch located at 9001 Lost Horizon Road, Shingle Springs, in El

Dorado County, California (hereinafter "the ranch"), with a legal description as follows:

> All that portion of the West half of Section 26 and the East half of Section 27, Township 8 North, Range 9 East, MDB&M, described as follows:
>
> BEGINNING at a point from which a 3/4 inch CIP bears South 36° 07' 58" West 50.00 feet and from which the Northeast corner of said Section 27 bears North 27° 43' 03" East 621.71 feet; thence from said point of beginning South 24° 19' 00" East 99.92 feet, South 62° 26' 00" East 142.0 feet, South 36° 16' 00" East 159.50 feet, South 54° 58' 00" East 86.50 feet, South 31° 01' 00" East 382.50 feet, South 44° 07' 00" East 100.00 feet, South 39° 54' 00" East 257.00 feet, South 02° 53' 00" East 55.50 feet, South 32° 25' 00" East 99.0 feet, South 08° 34' 00" East 47.0 feet, South 31° 19' 00" East 110.50 feet, South 25° 09' 00" West 65.50 feet, South 41° 16' 00" East 68.0 feet, South 03° 40' 00" East 42.0 feet, South 44° 39' 00" East 160.00 feet, South 30° 00' 00" East 60.0 feet, South 01° 03' 00" East 156.60 feet to a point from which 3/4 inch CIP stamped "R.C.E. 29667-1981" bears North 72° 30' 00" East 50.00 feet, thence continuing South 38° 57' 00" East 210.50 feet to a point in the centerline of the Cosumnes River, thence along said centerline South 56° 09' 00" West 132.50 feet, South 26° 06' 00" West 35.00 feet, South 66° 51' 00" West 307.00 feet and South 54° 50' 00" West 223.82 feet; thence leaving said centerline North 54° 38' 32" West 65.70 feet to a 3/4 inch CIP stamped "R.C.E. 29677-1983" set in a rock outcropping, thence continuing North 54° 38' 32" West 342.25 feet to a similar pipe, thence North 28° 05' 37" West 1514.84 feet to a similar pipe, thence North 36° 07' 58" East 795.95 feet to the point of beginning.
>
> Being Tract 1 as shown on the certain map filed in the office of the County Recorder, County of El Dorado, on March 10, 1983 in Book 11 of Records of Survey at page 106.
>
> EXCEPTING THEREFROM all that portion of this property that may lie within the boundaries of Amador County.
>
> Assessor's Parcel No: 087-060-23

2. The real property described in paragraph 1, above, and all the improvements, buildings, and fixtures on it, are referred to hereinafter as "the realty."

3. The Internal Revenue Service is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the realty. This Order shall act as a special writ of execution and no further orders or process from the Court shall be required.

4. The Internal Revenue Service is authorized to have free access to the realty and to take all actions necessary to preserve the realty, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part of the realty, until the deed to the realty is delivered to the ultimate purchaser.

5. The sale shall be free and clear of the interests of all defendants. In addition, the sale shall be free and clear of all transfers, encumbrances, and/or conveyances after February

11, 2005 (the date the lis pendens was filed.)

6. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

7. The public sale of the realty shall be held either at the courthouse of the county in which the realty is located, or on the premises of the realty.

8. The date and time for sale are to be announced by the Internal Revenue Service, with the initial sale to be held no later than October 25, 2005.

9. Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in El Dorado County, California, and, at the discretion of the Internal Revenue Service, by any other notice that the Internal Revenue Service deems appropriate. The notice shall contain a brief description of the realty and shall contain the basic terms and conditions of sale in this order. The notice shall be in substantially the form attached hereto as Exhibit A.

10. A reasonable minimum bid shall be determined by the United States, not less than $1.8 million. If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and (with the consent of Chevy Chase Bank and the persons identified in paragraph 18(c), below) reduce the minimum bid. The realty may be sold piecemeal if deemed to be in the best interest of the United States.

11. The successful bidder shall be required to deposit at the time of sale with the Internal Revenue Service a minimum of $50,000, with the deposit to be made by certified check or money order. Before being permitted to bid at or attend the sale, potential bidders shall display to the Internal Revenue Service proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this judgment.

12. The balance of the purchase price for the realty is to be paid to the Internal Revenue Service within thirty (30) days after the date the bid is accepted by a certified or

1314098.1

1   cashier's check payable to the United States Treasury.  If the bidder fails to fulfill this
2   requirement, the deposit shall be forfeited in its entirety to the United States, and go to pay first
3   to the costs of sale and then to pay the Judgment in this case, and the realty shall be again
4   offered for sale, without further order, under the terms and conditions of this order.  The United
5   States may bid as a credit against its judgment without tender of cash.
6        13.   Absent a written objection filed within three days of the sale, or the purchaser's
7   default, the Court may enter an order confirming the sale.  On confirmation of the sale of the
8   realty and receipt of payment in full, the Internal Revenue Service shall execute and deliver a
9   Certificate of Sale and Deed conveying the realty to the purchaser. Upon recording the
10  Certificate of Sale and Deed to the purchaser, (1) all interests in, encumbrances on, or claims
11  to, the realty that are held by any of the defendants in this action are discharged and void; (2)
12  the realty is discharged from the federal estate tax lien against the Estate of David L.
13  Suechting, and, in addition (3), the sale shall be free and clear of all transfers, encumbrances,
14  and/or conveyances after February 11, 2005, the date the lis pendens was filed.
15       14.   The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of
16  redemption.  Possession of the property sold shall be yielded to the purchaser upon the
17  production of a copy of the Certificate of Sale and Deed, but not before October 31, 2005; and
18  if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by
19  this Court to compel delivery of the realty to the purchaser.
20       15.   Until the earlier of October 31, 2005, or until they permanently depart from the
21  realty, David L. Suechting, Jr.  and Jacqueline Suechting and their agents shall take all
22  reasonable steps necessary to preserve the realty (including all buildings, improvements, and
23  fixtures on the realty) in its current condition including, without limitation, maintaining fire and
24  casualty insurance policies on the realty.  The Suechtings shall not commit waste against the
25  realty, nor shall they cause or permit anyone else to do so.  The Suechtings shall not do
26  anything that tends to reduce the value or marketability of the realty, nor shall they cause or
27  permit anyone else to do so.  The Suechtings and the defendants shall not record any
28  instruments, publish any notice, or take any other action (such as running newspaper

advertisements) that may directly or indirectly tend to adversely affect the value of the realty or that may tend to deter or discourage potential bidders from participating in the public auction.

16. All defendants, the Suechtings (and any other persons occupying the realty with the permission of the Suechtings, including any person related to them) shall leave and vacate the realty permanently (unless the United States agrees otherwise in writing) no later than October 31, 2005, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the realty). If any person occupying the realty fails or refuses to leave and vacate the realty by the time specified in this order, the U.S. Marshal and his deputies and Internal Revenue Service Officers are authorized and directed to take all actions that are reasonably necessary to eject those persons. If any person fails or refuses to remove his or her personal property from the realty by the time specified herein, the property remaining on the realty thereafter is deemed forfeited and abandoned, and the Internal Revenue Service is authorized to remove it and dispose of it in any manner the Internal Revenue Service sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the tax liabilities set forth in the judgment in this case.

17. The defendants do not hereby waive any right under their respective notes and deeds of trust on the realty and under the law of the State of California, including but not limited to the right to conduct a trustee's sale of the realty.

18. After the sale is confirmed by this Court, the Internal Revenue Service shall distribute the amount paid by the purchaser as follows:

    a. First, to all taxes unpaid and matured that are owed to El Dorado County for real property taxes on the realty;

    b. Second, to Chevy Chase Bank in an amount according to proof to satisfy the balance owing on the note secured by the first deed of trust recorded November 18, 2002, to secure repayment of the stated amount of $1,040,000, including accrued legal fees, foreclosure costs, interest and other charges authorized by the note and deed of trust;

    c.    Third, in an amount according to proof to satisfy the balance owing on the note secured by the deed of trust recorded December 11, 2003, against the ranch in the stated amount of $300,000; including accrued legal fees, foreclosure costs, interest and other charges authorized by the note and deed of trust, to the beneficiaries pro rata as follows: (1) one-third to Lloyd A. Wagner or Janet E. Wagner, Co-Trustees UTA dated 2/12/86; (2) one-third to Everett Shaw and Margaret Shaw, husband and wife, as joint tenants; (3) one-sixth to Roxine P Kolbuke, Trustee, UDT date 9/23/82; (4) and one-sixth to Charles R. Haggett, a married man, as his sole and separate property.

    d.    Fourth, the Internal Revenue Service shall retain an amount sufficient to cover the expenses of the sale, including the cost of advertising;

    e.    Fifth, to McDonough, Holland & Allen in an amount according to proof to satisfy their lien recorded April 15, 2004, against the ranch, in the stated amount of $44,817.

    f.    Sixth, to the Sacramento County Department of Child Support Services in an amount according to proof to satisfy the judgment for child support and alimony, if any.

    g.    Seventh, to the United States of America, up to a maximum amount of $650,000, to satisfy in full or in part this Judgment and to be applied to the estate tax liability of the Estate of David L. Suechting. Any unpaid balance of the Judgment shall remain due and owing by David L. Suechting, Jr.

    h.    Eighth, to David L. Suechting, Jr. and Jacqueline Suechting to the extent of any residual proceeds of sale.

The parties by undersigned counsel request entry of an Order of Judicial Sale as set forth above in paragraphs 1 through 18.

                McGREGOR W. SCOTT
                United States Attorney

Dated: September 26, 2005     /s/ G. Patrick Jennings
                G. PATRICK JENNINGS
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Telephone: (202) 307-6648

Dated: September 26, 2005     /s/ James Clarke (as authorized on 9/21/2005)
                JAMES CLARKE
                McDonough, Holland & Allen
                (916) 444-3900
                Attorneys for David L. Suechting, Jr. and Jacqueline Suechting

Dated: September 26, 2005     /s/ Sharon Collier (as authorized on 9/23/2005)
                SHARON COLLIER
                Archer Norris
                (925) 930-6600
                Attorneys for Chevy Chase Bank

Dated: September 26, 2005     /s/ James Graves (as authorized on 9/22/2005)
                JAMES GRAVES
                Principal Attorney
                Department of Child Support Services

Dated: September 26, 2005     /s/ Lee Bardellini (as authorized on 9/19/2005)
                LEE BARDELLINI
                (925) 277-3580
                Attorneys for Lloyd A. Wagner and others as set forth above in ¶ 17(c).

**IT IS SO ORDERED**.

DATED:  September 30, 2005

                /s/ Garland E. Burrell, Jr.
                GARLAND E. BURRELL, JR.
                United States District Judge

1314098.1